# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**WILLIAM H. DAVIS**,

    Petitioner,

v.                                                   CIVIL ACTION NO. 2:18-CV-67
                                                     (BAILEY)

**DEWAYNE HENDRIX**,

    Respondent.

## ORDER GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

On this day, the above-styled matter came before this Court for consideration of *pro se* petitioner William H. Davis' Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On October 26, 2018, respondent filed a Motion to Dismiss or for Summary Judgment [Doc. 24]. This matter is now ripe for adjudication. For the reasons that follow, this Court will grant the respondent's Motion and dismiss the petition.

## BACKGROUND

On June 12, 2014, the United States District Court for the Southern District of Ohio sentenced petitioner to a term of 63 months' imprisonment followed by five years of supervised release for cocaine trafficking. Petitioner is currently incarcerated at FCI Morgantown with a projected release date of April 10, 2019.[1]

On July 13, 2018, petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, asking this Court to extend the amount of time that he will spend in a Residential Reentry Center ("RRC"), commonly known as a "halfway house." Petitioner also asks this

---

[1] *See* https://www.bop.gov/inmateloc/.

1

Court to fine the Federal Bureau of Prisons ("BOP"). Specifically, petitioner alleges that the BOP is "systematically discriminating against inmates and abusing [its] discretion" with regard to RRC placement.

On September 5, 2018, Magistrate Judge James P. Mazzone conducted a preliminary review of the petition and found that summary dismissal of the same was not warranted [Doc. 14]. Therefore, respondent was ordered to show cause why the writ should not be granted. In response, the respondent filed his Motion to Dismiss or for Summary Judgment [Doc. 24]. In sum, the Motion argues the following:

> [Petitioner] has received the full extent of any and all relief to which he is entitled because the BOP decided whether, and for how long, to transfer [petitioner] to a halfway house based upon an individualized and thorough assessment of his circumstances and needs. Further, [petitioner] cannot use a habeas petition to circumvent the BOP's discretion to determine whether, and for how long, he will be released to a halfway house. Accordingly, [petitioner's] Petition is inherently moot and this Court lacks jurisdiction to address his claims. Further, [petitioner's] petition fails to present a cognizable legal claim.

[Doc. 25 at 1–2].

Subsequently, Magistrate Judge Mazzone issued a ***Roseboro*** Notice informing the petitioner of his right and obligation to file a response [Doc. 26]. To date, no response has been filed.

## STANDARDS OF REVIEW

**I. Rule 56 Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323–25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249 (citations omitted).

## II. Rule 12(b)(6) Motion to Dismiss

In reviewing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6), a district court must accept the factual allegations in the complaint as true. **Zak v. Chelsea**, 780 F.3d 597, 601 (4th Cir. 2015) (citing **Matrix Capital Mgmt. Fund, LP v. Bearing Point, Inc.**, 576 F.3d 172, 176 (4th Cir. 2009)). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

3

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." **Papasan v. Allain**, 478 U.S. 265, 286 (1986).

A "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008) (quoting **Twombly**, 550 U.S. at 544 (emphasis added)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." **Id**. However, when reviewing the sufficiency of a complaint, a court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." **Tellabs, Inc. v. Makor Issues & Rights, Ltd.**, 551 U.S. 308, 322 (2007). A court may consider documents attached to a motion to dismiss when they are "integral to and explicitly relied on in the complaint and . . . the plaintiffs do not challenge [their] authenticity." **Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.**, 367 F.3d 212, 234 (4th Cir. 2004).

## **DISCUSSION**

On April 9, 2008, the Second Chance Act of 2007, Pub.L.No. 110-99, was enacted. It amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that

4

prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). The statute provides that those conditions "may include a community correctional facility," id., commonly known as an RRC or "halfway house." The statute further provides that the decision to confine a prisoner in a "halfway house" shall be made on an individual basis and in light of several factors, most of which are identified in 18 U.S.C. § 3621(b). See **Miller v. Whitehead**, 527 F.3d 752 (8th Cir. 2008) (BOP may consider factors in addition to those identified in § 3621(b)). The factors identified in 18 U.S.C. § 3621(b) are as follows:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Thus, federal regulations dictate that a federal inmate may be released into an RRC for a maximum of twelve (12) months. 28 C.F.R. §§ 570.20–21. However, federal regulations do not establish any minimum amount of time that a federal inmate must spend in an RRC. Id. Similarly, federal regulations do not mandate that federal prisoners must be released to an RRC at all. Id. The BOP has exclusive discretion to determine whether, and for how long, to release an inmate to an RRC. **Syrek v. Phillips**, 2008 WL 4335494, at *3 n.1 (N.D. W.Va. Sept. 17, 2008) (Stamp, J.) (citing **Woodall v. Federal Bureau of Prisons**, 432 F.3d 235, 251 (3d Cir. 2005)); **Pennavaria v. Gutierrez**, 2008 WL 619197,

5

at *3 (N.D. W.Va. Mar. 4, 2008) (Stamp, J.).

Further, Congress has specifically excluded 18 U.S.C. §§ 3621, 3624 from judicial review under the Administrative Procedures Act ("APA"). *See* 18 U.S.C. § 3625. Thus, "any substantive decision by the BOP with regard to [a] petitioner's eligibility for RRC placement, or the length of time in an RRC, is not reviewable by this Court." **Newman v. Ziegler**, 2010 WL 11520048, at *3 (N.D. W.Va. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 11530383 (N.D. W.Va. Dec. 20, 2010) (Keeley, J.), *aff'd*, 425 Fed. App'x 255 (4th Cir. 2011) (citing **Lyle v. Sivley**, 805 F.Supp. 755, 760 (D. Ariz. 1992)). "However, even where judicial review under the APA is specifically excluded by statute, the court may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority." **Id.** (citing **Webster v. Doe**, 486 U.S. 592 (1988); **Turner v. Safley**, 482 U.S. 78, 84 (1987); **Procunier v. Martinez**, 416 U.S. 396, 405 (1974); **Davis v. Beeler**, 966 F.Supp. 483, 489 (E.D. Ky. 1997)).

It is well-established that an inmate has no constitutional right to be confined to a particular institution, **Meachum v. Fano**, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. **Olim v. Waukinekona**, 461 U.S. 238 (1983). Thus, because the petitioner has no protected liberty interest in being placed in an RRC prior to his release, and the decision whether to make such placement is clearly a matter of prison management within the knowledge and expertise of BOP officials, this Court cannot intervene in that decision unless a clear constitutional violation occurred. For the reasons discussed below, this Court has determined that no such violation has occurred.

6

As previously noted, when evaluating an inmate for RRC placement, BOP staff must make referral recommendations based upon the five factors enumerated in 18 U.S.C. § 3621(b), as amended by the Second Chance Act. In support of respondent's Motion to Dismiss or for Summary Judgment, respondent states as follows:

> FCI Morgantown staff evaluated the applicable factors outlined in 18 U.S.C. § 3621(b) and recommended that [petitioner] should be released to a halfway house for a period lasting between one-hundred fifty-one (151) and one-hundred eighty (180) days. [Exhibit 1, Barkaszi Decl.] at ¶ 15. First, BOP staff noted that there is a halfway house in [petitioner's] anticipated release area of Columbus, Ohio. Id. Second, [petitioner's] underlying criminal offense did not preclude him from being released to a halfway house. Id. Third, BOP staff noted that being released to a halfway house for the recommended time would position [petitioner] to find housing and work. Id. Fourth, the court that sentenced [petitioner] did not make any statement precluding [petitioner] from being released to a halfway house. Id. Fifth, there was no pertinent policy that precluded [petitioner] from being released to a halfway house. Id. Therefore, FCI Morgantown staff recommended that [petitioner] should be released to a halfway house for a period lasting between one-hundred fifty-one (151) and one-hundred eighty (180) days. Id.
>
> The residential reentry manager responsible for the specific RRC where [petitioner] will reside reduced the amount of time that [petitioner] will spend in the halfway house because the halfway house did not have enough space to accommodate the original recommended time. Id. at ¶ 22.

[Doc. 25 at 5].

Thus, as supported by the Institutional Referral for RRC Placement Form included with respondent's Motion [Doc. 25-1 at 12], the BOP complied with the Second Chance Act by applying the criteria of 18 U.S.C. § 3621 to the specific facts of his case. Therefore, the BOP did all that was required, and its decision was not outside the scope of its authority. Although reasonable minds may differ about the time it will take petitioner to fully integrate into the community, BOP staff exercised their professional judgment in recommending a 151–180 day placement. There is no evidence that this determination was arbitrary,

capricious, or an abuse of discretion. At bottom, although petitioner disagrees with the outcome, there is no doubt that petitioner received an individualized assessment for RRC placement using the factors contained in 18 U.S.C. § 3621(b). Therefore, as the petitioner cannot show that BOP officials violated the Second Chance Act, his petition should be dismissed.

Furthermore, with regard to any alleged retaliation or discrimination claim, such claims are more properly asserted in a **Bivens** action rather than a § 2241 petition. See **Wilkerson v. Dotson**, 544 U.S. 74, 82 (2005) (discussing which prisoner claims properly may be brought in a habeas petition as opposed to a civil rights complaint, and making clear that habeas petitions are only appropriate where "success in [the] action would necessarily demonstrate the invalidity of confinement or its duration"). However, even assuming, *arguendo*, that they may be viable claims, petitioner has not offered sufficient evidence to survive respondent's Motion.

To be viable, a legal claim must be supported by more than mere conjecture and speculation. *See, e.g.*, **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). An equal protection claim "requires, as a threshold matter, that the petitioner demonstrate that a governmental decision-maker has treated him differently from others similarly situated and that such unequal treatment was the result of intentional or purposeful discrimination." **Ayers v. Ziegler**, 2010 WL 4739926, at *3 (N.D. W.Va. Nov. 16, 2010) (Stamp, J.) (citing **Morrison v. Garraghty**, 239 F.3d 648, 654 (4th Cir. 2001)). Similarly, a due process claim requires the petitioner to establish that he was deprived of some recognized liberty or property interest. See **Greenholtz v. Inmates of Nebraska Penal and Corr. Complex**, 442 U.S.

1, 7 (1979). Furthermore, "[a] plaintiff alleging that government officials retaliated against [him] in violation of [his] constitutional rights must demonstrate . . . that [he] suffered some adversity in response to [his] exercise of protected rights." **Am. Civil Liberties Union of Md., Inc. v. Wicomico Cty.**, 999 F.2d 780, 785 (4th Cir. 1993) (citing **Huang v. Bd. of Governors of Univ. of N.C.**, 902 F.2d 1134, 1140 (4th Cir. 1990)). Here, petitioner has made no such showing.

> This Court agrees with the following assessment by respondent:
>
> [Petitioner] merely speculates that he has been retaliated or discriminated against. He offers no detail beyond his own conjecture to establish that he was treated any differently than similarly situated inmates. He offers no detail beyond his own speculation to establish any discriminatory purpose or motive. As detailed above, this speculation is insufficient to establish a viable legal claim.
>
> In reality, the BOP conducted an individualized assessment of [petitioner] and considered all of the required factors utilized to decide where a particular inmate will be incarcerated. The residential reentry manager responsible for the individual halfway house where [petitioner] will reside reduced the amount of time due to space limitations, not because of any reason that had anything to do with [petitioner]. Indeed, it is not uncommon for individual halfway houses to reduce the recommended amount of time that an inmate will spend there due to space and budgetary concerns. The BOP consults and confers with the individual halfway house facilities to accommodate inmates as fully as possible. This consultation process takes into account the BOP's individualized assessment of the inmate as well as the resources of the BOP, the individual RRC, and the behavior and characteristics of the inmate.

[Doc. 25 at 14–15]. Accordingly, petitioner has not pled, nor can he establish, any viable discrimination or retaliation claim. As such, these claims cannot survive respondent's Motion.

Finally, to the extent petitioner asks this Court to fine BOP officials, such a claim is not cognizable, as generally monetary relief is not available in a habeas action. *See*

*Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973). Where a prisoner seeks monetary relief, he is "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus." *Id.* at 494. Therefore, a habeas action is "not an appropriate or available federal remedy" to request monetary damages. *Id.*

## CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the respondent's Motion to Dismiss or for Summary Judgment **[Doc. 24]** should be, and is, hereby **GRANTED**. Accordingly, this Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED:** January 30, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE